UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK EDDIE RODRIGUEZ, | No. 2:19-cv-1797 AC P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 3. In support of his request, plaintiff states in part that he is unable to afford counsel and that his imprisonment will greatly limit his ability to litigate. See id. He further contends that the issues in his case are very complex, that he has limited knowledge of the law and that he has limited access to his prison's law library. See id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court notes that to date, plaintiff has been able to adequately represent himself, having filed both a cogent complaint and declaration on his own behalf.  See ECF Nos. 1, 7.  For these reasons, as well as the others stated herein, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 3) is DENIED.

DATED: June 30, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE