UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK EDDIE RODRIGUEZ, | No. 2:19-cv-1797 AC P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 10.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In support of this request, plaintiff states that because of the pandemic, he has limited access to the prison law library and that when he does have access to it, it is impossible to

1   practice social distancing.  See ECF No. 10 at 1-2.  He also points to health issues, a related
2   pending surgery, and his indigence as grounds for appointment of counsel.  See id. at 1-2.
3   Plaintiff contends that these facts constitute the requisite exceptional circumstances.

4       Circumstances common to most prisoners, such as limited law library access and the
5   inability to afford counsel, do not establish exceptional circumstances that would warrant a
6   request for voluntary assistance of counsel.  The court understands that the current pandemic has
7   significantly affected all litigants' ability to try their cases, and it is especially sensitive to the
8   resulting limitations – both logistical and physical – that prisoner litigants are experiencing during
9   this period.  Consequently, plaintiff should rest assured that the court will take these factors into
10  consideration in case management.  For these reasons, the court does not find the required
11  exceptional circumstances at this time.

12      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
13  counsel, filed July 27, 2020 (ECF No. 10), is DENIED.

14  DATED: July 29, 2020

15  _____
    ALLISON CLAIRE
16  UNITED STATES MAGISTRATE JUDGE

2