UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK EDDIE RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00898-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(Doc. 2)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign District Judge |

  Plaintiff Erick Eddie Rodriguez initiated this action on September 10, 2019. (Doc. 1.) On that same date, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. 2.) On June 4, 2021, Magistrate Judge Allison Claire issued an order transferring this case to the Fresno Division of the Eastern District of California. (Doc. 15.) The Court has not yet ruled on Plaintiff's motion to proceed IFP.

  According to the inmate trust account statement submitted by the California Department of Corrections and Rehabilitation, Plaintiff had $842.91 in his trust account on the date he submitted his IFP application. (Doc. 6). This is more than enough to pay the $402 filing fee for this action. Therefore, the Court issued an order to show cause why Plaintiff's motion to proceed IFP should not be denied. (Doc. 17.)

///

Plaintiff filed a response to the order to show cause on August 19, 2021. (Doc. 19.) In his response, Plaintiff states that he does not have sufficient funds "at the moment" to pay the filing fee. (*Id.* at 1.) However, Plaintiff does not deny that he had sufficient funds at the time he filed his IFP application. Plaintiff requests that, if the Court were to deny his request to proceed IFP, that he be provided an extension of time to pay the filing fee. (*Id.* at 2.)

As explained in its order to show cause, proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *in forma pauperis*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar,'" *Doe v. Educ. Enrichment Sys.*, No. 15-cv-2628-MMA-MDD, 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. 2015) (citation omitted). In addition, courts are entitled to considered plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.")

Plaintiff had adequate funds to pay the filing fee for this action when he filed his motion to proceed IFP, and he has not demonstrated that he spent the funds on "necessities" while incarcerated, i.e., while his basic necessities were covered by the state of California. *See Lumbert*, 827 F.2d at 260. Hence, Plaintiff's IFP motion should be denied. However, the Court acknowledges that nearly two years have passed since Plaintiff filed his IFP motion; therefore, an extension of time to pay the filing fee is warranted.

Accordingly, the Court RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,
2. Plaintiff be granted 90 days from the date of the order adopting these findings and recommendations to pay the filing fee.

2

The Court DIRECTS the Clerk of the Court to:

1. Assign a district judge to this action; and,
2. Serve these findings and recommendations on Plaintiff at the temporary location provided in Plaintiff's July 16, 2021 notice (Doc. 18).

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 23, 2021**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE