UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERICK EDDIE RODRIGUEZ, | Case No.: 1:21-cv-00898-DAD-SKO (PC) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER** |
| M. CATE, et al., | **21-DAY DEADLINE** |
| Defendants. | |

Plaintiff Erick Eddie Rodriguez is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 23, 2021, the undersigned issued Findings and Recommendations to Deny Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 21.) Following re-service by mail to a temporary address,[1] Plaintiff filed objections on October 19, 2021. (Doc. 22.) On October 27, 2021, District Judge Dale A. Drozd adopted the Findings and Recommendations in full. (Doc. 23.) Specifically, Judge Drozd denied Plaintiff's motion to proceed *in forma pauperis* and ordered that Plaintiff pay the $402 filing fee within 90 days. (*Id*. at 2.) More than 90 days have passed, and Plaintiff has failed to pay the filing fee.

//

---

[1] On July 16, 2021, Plaintiff filed a document indicating a temporary change of address to the Los Angeles County Jail. (Doc. 18.) On November 12, 2021, Plaintiff advised he had been transferred back to High Desert State Prison in Susanville, California. (Doc. 25.)

1   The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

2   "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for

3   the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

4   Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising

5   that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.,*

6   *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

7   party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.,*

8   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

9   court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

10  1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

11  1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

12  Based on the foregoing, the Court ORDERS Plaintiff to show cause in writing, **within 21**

13  **days** of the date of service of this order, why this action should not be dismissed for his failure to

14  comply with the Court's order. Alternatively, within that same time, Plaintiff may pay the $402

15  filing fee in full. **Failure to comply with this order will result in a recommendation that this**

16  **action be dismissed for failure to obey court orders.**

17

18  IT IS SO ORDERED.

19  Dated:   **March 14, 2022**                          */s/ Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

2