UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK EDDIE RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M. CATE, et al.,<br><br>    Defendants. | Case No.: 1:21-cv-00898-ADA-SKO (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 38) |

Plaintiff Erick Eddie Rodriguez is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.   INTRODUCTION**

On April 3, 2023, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 38.) Plaintiff states (1) he is unable to afford counsel, (2) his imprisonment will greatly limit his ability to litigate this matter, (3) the issues involved are "very complex and will require significant research and investigation," (4) his access to the law library is limited, (5) he has limited knowledge of the law, (6) a trial will involve conflicting testimony and counsel would "better enable" Plaintiff to present evidence and cross-examine witnesses, (7) the case involves a medical issue that may require expert testimony, and (8) the case will require "discovery of documents, and in-depth investigation." (*Id*. at 2-3.)

//

## II. DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

The Court does not find the required exceptional circumstances in this case. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony").

At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. While Plaintiff's complaint has been screened as required by 28 U.S.C. § 1915A(a) and the case proceeds on Plaintiff's Eighth Amendment claims against the Defendants Cate and Biter (*see* Docs. 35 & 36), those claims have not yet been proven. The Court also does not find the case involves "very complex" issues despite Plaintiff's assertion.

Moreover, the fact an attorney may be better able to perform research, investigate, and represent Plaintiff does not change the analysis. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Finally, the Court finds Plaintiff can articulate his claims. In its First Screening Order issued March 10, 2023, the Court determined Plaintiff plausibly alleged Eighth Amendment conditions of confinement claims. (Doc. 35.) On March 14, 2023, the Court order service of Plaintiff's complaint under the Court's e-service program (*see* Doc. 36) and service is presently underway. In sum, Plaintiff faces challenges and circumstances faced by most pro se prisoner litigants. Those circumstances, however, are not exceptional and do not warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.  The filing fee has also been paid (*see* Docket Entry dated 3/29/23 [Receipt number #CAE100050269]) and Plaintiff is not proceeding *in forma pauperis* in this action. The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

### III. CONCLUSION AND ORDER

Accordingly, and for the reasons stated above, Plaintiff's motion for the appointment of counsel (Doc. 38) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  **April 24, 2023**                               /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE

4