UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK EDDIE RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. CATE, et al.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00898-KES-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Erick Eddie Rodriguez is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

### I.  PROCEDURAL BACKGROUND

Plaintiff filed his original complaint[1] on September 10, 2019, while incarcerated at High Desert State Prison. (Doc. 1.)

On October 27, 2021, the Court directed Plaintiff to pay the filing fee for this action, finding Plaintiff had sufficient funds to pay the fee. (Doc. 23.) The filing fee was paid on March 29, 2022. (Receipt # CAED100050269.)

On March 10, 2023, the Court issued its First Screening Order finding that Plaintiff's complaint plausibly alleged Eighth Amendment conditions of confinement claims against

---

[1] This case was originally filed in the Sacramento division of the United States District Court for the Eastern District of California. It was transferred to the Fresno division on June 7, 2021. (Doc. 15.)

1  Defendants Cate and Biter. (Doc. 35 at 4-6.) On March 14, 2023, the Court issued its Order
2  Finding Service of Complaint Appropriate. (Doc. 36.)  On May 4, 2023, Plaintiff filed a Notice of
3  Change of Address, stating he was released from custody on April 29, 2023, and providing a
4  residential address in Los Angeles, California.[2] (Doc. 41.)  On June 20, 2023, following service of
5  process, Defendants filed an answer to the complaint. (Doc. 43.)

6  The Court issued its Order Referring Case to Post-Screening ADR and Staying Case for
7  90 Days on June 21, 2023. (Doc. 44.) Defendants elected not to participate in an early settlement
8  conference. (Doc. 45.) On August 17, 2023, the Court lifted the previously imposed stay and
9  issued its Discovery and Scheduling Order. (Docs. 47 & 48.)

10 On January 9, 2024, the Court granted Defendants' motion to modify the scheduling order
11 (Doc. 50), extending the dispositive motion filing deadline to May 17, 2024 (Doc. 51).

12 On May 17, 2024, Defendants filed a Motion for Summary Judgment. (Doc. 53.) The
13 motion included a *Rand*[3] warning to Plaintiff. (Doc. 53-1.) Defendants filed a Request for Judicial
14 Notice (Doc. 54) and a Notice of Lodging Plaintiff's Deposition[4] Transcript (Doc. 55).

15 Plaintiff's opposition to Defendants' summary judgment motion was due on or before
16 June 7, 2024. Plaintiff has failed to respond to Defendants' motion and the time to do so has
17 passed.

18 **II.   DISCUSSION**
19 **A. Applicable Law**

20 The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,
21 "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for
22 the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."
23 Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising
24 that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.*,

---

[2] No mail directed to Plaintiff's current address has been returned to the Court.

[3] *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

[4] Plaintiff's deposition was taken December 5, 2023.

*City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Local Rule 230(*l*) provides as follows:

> All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. *Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion.* A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than fourteen (14) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired.

Local Rule 230(*l*).

### B. Analysis

Plaintiff has not filed an opposition or statement of non-opposition to Defendants' summary judgment motion as required by Local Rule 230(*l*).[5] Nor has Plaintiff sought an

---

[5] The Court notes that on March 14, 2022, it issued an Order to Show Cause for Plaintiff's failure to obey the Court's October 27, 2021, order that he pay the required filing fee within 90 days. (Doc. 28.) Additionally, the Court notes Plaintiff failed to respond to its June 21, 2023, order concerning early ADR.

extension of the deadline for doing so. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's failure to respond to the summary judgment motion amounts to an unreasonable delay in prosecuting this action. The Court finds the third factor—a risk of prejudice to defendants—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Here, Plaintiff is failing to move this case forward by not responding to Defendants' summary judgment motion. He is also impeding the progress of this action by failing to obey this Court's Local Rules. The Court finds the fourth factor—the public policy favoring disposition on the merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff was previously warned that a failure to obey court orders may result in dismissal of the case. He was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 16 at 1 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].) Plaintiff was also advised that "all Court deadlines are strictly enforced." (*Id.*

at 5.) Plaintiff received other warnings that a failure to obey a court order would result in dismissal of this action. (*See* Doc. 23 at 2 ["Failure to pay the filing fee within the time provided will result in dismissal of this action"] & Doc. 28 at 2 ["**Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey court orders**," emphasis in original].) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with Court orders. Moreover, at this stage of the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor—the availability of less drastic sanctions—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The Court has recommended dismissal of an action in similar circumstances where the plaintiff failed to respond to a summary judgment motion. *See, e.g.*, *Fernandez v. Satterfield*, No. 1:19-cv-01220-DAD-BAK (EPG) (PC), 2022 WL 3587798, at *2 (E.D. Cal. Aug. 22, 2022), recommendation adopted 2022 WL 5188269 (E.D. Cal. Oct. 5, 2022); *Navarro v. St. Clair*, No. 1:20-cv-00524-JLT-SKO (PC), 2022 WL 2133944, at *2 (June 13, 2022), recommendation adopted 2022 WL 2488535 (E.D. Cal. July 6, 2022); *Brown v. Woodward*, No. 1:19-cv-00626-DAD-SKO (PC), 2022 WL 1666985, at *2 (E.D. Cal. May 25, 2022), recommendation adopted 2022 WL 2195200 (E.D. Cal. June 17, 2022); *see also Thompson v. Garcia-Fernandez*, No. 1:22-cv-01208-BAM (PC), 2024 WL 1995241, at *1 (E.D. Cal. May 6, 2024) (dismissing action for failure to oppose summary judgment motion in consent case); *Beckett v. Moreno*, No. 1:20-cv-01427-BAM (PC), 2024 WL 1995326, at *1 (E.D. Cal. May 6, 2024) (same).

In sum, it appears that Plaintiff has abandoned this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders.

### III.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these

Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 14, 2024**                        /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE