UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK EDDIE RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No.: 1:21-cv-00898-KES-SKO (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 57) |

Plaintiff Erick Eddie Rodriguez ("Rodriguez") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Rodriguez filed his complaint on September 10, 2019. Doc. 1. On October 27, 2021, the court directed Rodriguez to pay the filing fee for this action, finding that he had sufficient funds to pay the fee. Doc. 23. The filing fee was paid on March 29, 2022.[1] *See* docket (receipt #CAE100050269). The court screened the complaint, finding it plausibly stated Eighth Amendment claims regarding conditions of confinement, and directed service upon defendants. Docs. 35, 36. Defendants filed their answer on June 20, 2023. Doc. 43. The court referred the

---

[1] On March 14, 2022, the magistrate judge issued an order to show cause why the matter should not be dismissed for failure to obey a previous court order (Doc. 23) requiring Rodriguez to pay the $402 filing fee. Doc. 28. Rodriguez paid the filing fee within two weeks of the order to show cause, and it was discharged the same day. Doc. 31.

1   case to post-screening alternative dispute resolution and directed the parties to meet and confer
2   and inform the court whether they believed settlement was achievable.  Doc. 44.  Defendants filed
3   a notice informing the court accordingly (Docs. 45, 46), but Rodriguez did not file any response
4   (*see* docket).  On May 27, 2024, defendants filed a motion for summary judgment (Doc. 53), to
5   which Rodriguez failed to file any opposition or statement of non-opposition (*see* docket).

6         On June 14, 2024, the assigned magistrate judge recommended this action be dismissed
7   for plaintiff's failure to obey court orders and failure to prosecute.  Doc. 57.  The parties were
8   advised that any objections were to be filed within fourteen days of the date of service of the
9   order.  *Id*. at 5-6.  Rodriguez did not file any objections, and the time to do so has passed.

10        According to 28 U.S.C. § 636(b)(1), this court conducted a de novo review of this case.
11  Having carefully reviewed the file, the court declines to adopt the findings and recommendations.

12        The magistrate judge concluded that Rodriguez's failure to file an opposition to the
13  motion for summary judgment, in violation of Local Rule 230(l), supported dismissal for failure
14  to prosecute and failure to obey court orders.  *See* Doc. 57.  However, despite the language of
15  Local Rule 230(l), dismissal of a case for failure to prosecute because of a party's failure to
16  oppose a motion for summary judgment would be improper.  "[U]nder the Federal Rules, a
17  motion for summary judgment may not be granted based on a failure to file an opposition to the
18  motion, regardless of any local rule that suggests the contrary." *Heinemann v. Satterberg*, 731
19  F.3d 914, 916 (9th Cir. 2017); *see also Henry v. Gill Inds., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993)
20  ("A local rule that requires the entry of summary judgment simply because no papers opposing
21  the motion are filed or served, and without regard to whether genuine issues of material fact exist,
22  would be inconsistent with Rule [of Civil Procedure] 56, hence impermissible under Rule 83.");
23  Fed. R. Civ. P. 56 Advisory Committee Notes (2010) ("[S]ummary judgment cannot be granted
24  by default even if there is a complete failure to respond to the motion.").

25        Here, the findings and recommendations do not recommend granting the motion for
26  summary judgment for failure to oppose the motion pursuant to Local Rule 230; rather, they
27  recommend dismissing the case for plaintiff's failure to obey a court order and failure to
28  prosecute, based on his failure to file an opposition to the motion for summary judgment.  Doc.

2

45. However, given that summary judgment cannot be granted based on a plaintiff's failure to oppose the motion for summary judgment, "[t]he practical effect" of ordering the plaintiff to file an opposition to the motion, and then dismissing the case with prejudice for his failure to do so, would be "to grant summary judgment as a sanction" for violating a local rule, which the Ninth Circuit has expressly disavowed. *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995).

Moreover, the *Henderson* factors do not support dismissal for plaintiff's failure to file an opposition to the pending summary judgment motion. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Prior to dismissing a case as a sanction, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.*

The first and second factors weigh against dismissal. Given that plaintiff need not file an opposition to the motion for summary judgment, plaintiff's failure to oppose the motion is not preventing the case from moving forward nor preventing the court from managing its docket. Similarly, there is no prejudice to defendant if the court decides defendant's motion for summary judgment on its merits. The fourth factor weighs heavily in support of non-dismissal, as public policy strongly favors disposition of cases on their merits, and the motion can be decided on the merits without an opposition. Finally, the fifth factor lends some support for dismissal. Plaintiff was warned that failing to comply with the court's orders could result in dismissal of the action, and the Ninth Circuit has held that such warning satisfies the "considerations of the alternatives requirement," *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). However, the other factors outweigh this factor, and the case should not be dismissed for plaintiff's failure to file an opposition to the summary judgment motion.

///

///

///

///

///

3

Accordingly, IT IS HEREBY ORDERED:

1. The court declines to adopt the findings and recommendations issued on June 14, 2024 (Doc. 57);
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   October 11, 2024

UNITED STATES DISTRICT JUDGE

4